UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARLENE A. JACOBSON,

       Plaintiff,                                Case No. 16-cv-12759
                                                 Hon. Matthew F. Leitman
v.

MACOMB COUNTY COMMUNITY
COLLEGE,

       Defendant.

_____/

## **STIPULATED CONFIDENTIALITY PROTECTIVE ORDER**

WHEREAS, parties and non-parties to this action ("Litigation"), have been or may be requested in the course of discovery or other proceedings to produce or disclose testimony, documents, or other information ("Discovery Material") that they consider private, confidential, or proprietary; and

WHEREAS, Plaintiff Marlene Jacobson and Defendant Macomb County Community College have agreed, through their undersigned attorneys, to set forth procedures for, and rules governing, the use of such Discovery Material;

1.    **IT IS ORDERED** that all confidential Discovery Material produced, or depositions taken in discovery in the Litigation, shall be used solely for purposes of the Litigation and for no other purpose. If, in the course of discovery or other proceedings in this Litigation, Defendant or Plaintiff, any party to the

Litigation, or any third-party discloses Discovery Material they deem confidential, or proprietary, the producing party may designate such Discovery Material as "Confidential." A party may designate information produced in discovery as "Confidential" material only if the disclosing party determines, in good faith, that such material is: (a) personnel information, including performance ratings, reviews, retirement or separation information, and salary, bonus, benefit and compensation information, of any current or former employee of Defendant; (b) medical information concerning any current or former employee of Defendant and/or their spouses; (iii) information of a proprietary, or confidential business nature, which is not generally known and which an entity would not normally reveal to third parties or, if revealed, would require third parties to maintain in confidence (for example, financial statements and related data; business plans and agreements, and; other similar information).

2. Documents are to be designated as "Confidential" by stamping each page of the document with the corresponding legend. Deposition testimony may be designated "Confidential" by so indicating orally on the record during the deposition.

3. Any person in possession of Confidential Material shall maintain it in a reasonable and appropriate manner so as to avoid disclosure of its contents in any manner not permitted by this Order.

216599202.1

4.     Confidential Material shall not be disclosed, except as provided in

paragraph 5, except upon prior written consent of the designating party.

5.     Discovery Material that is designated "Confidential" may be disclosed

only to the extent reasonably necessary for the conduct of the Litigation and only

to the following:

(a)     the Court (including any appellate court) and Court personnel;
(b)     court reporters in connection with the taking of a deposition or the transcription of court proceedings;
(c)     attorneys (including in-house and outside counsel) of the parties to the Litigation (or the corporate parent of a party to the Litigation) and such attorneys' employees;
(d)     parties to the Litigation and their officers, directors, trustees, board members, and managerial employees;
(e)     the creator and addressees of such Confidential Material and persons who received a copy thereof (as evidenced on the face of the Confidential Material or another document) prior to its production in the Litigation;
(e)     anticipated and actual fact witnesses other than the parties to the Litigation, provided that counsel has a good-faith basis to disclose such information to such witness;
(f)     experts, advisors, consultants, and other persons engaged to assist directly in the Litigation; and
(g)     mediators, facilitators, arbitrators or other third-party neutrals that are engaged by the parties to the Litigation to participate in a resolution of the Litigation.

All persons to whom Confidential Material is disclosed in accordance with the

terms of this Order shall be advised by counsel of the terms of this Order and

informed that they are subject to the requirements of this Order prior to disclosure.

3

6.     In the event that counsel for any signatory to this Order at any time believes that Confidential Material should cease to be so designated, such counsel shall so notify counsel for the designating party.  Counsel for the challenging and designating parties shall confer in good faith.  If agreement is not reached, the non-designating party shall have the burden of moving and may move upon proper notice within thirty (30) days to obtain an appropriate order of the Court regarding the challenged designation.  In the event that such a motion is made, it shall be the burden of the designating party to demonstrate that the Discovery Material warrants the designation as Confidential.   In the event that such a motion is made, any disputed Discovery Material shall remain subject to and protected by this Order until such motion is resolved.

7.     This Order does not authorize the filing of any documents under seal. Documents may be sealed only if authorized by statute, rule, or order of the Court. A party seeking to file under seal any paper or other matter in any civil case pursuant to this section shall file and serve a motion or stipulation that sets forth (i) the authority for sealing; (ii) an identification and description of each item proposed for sealing; (iii) the reason that sealing each item is necessary; (iv) the reason that a means other than sealing is not available or unsatisfactory to preserve the interest advanced by the movant in support of the seal; and, if a party files a motion only, (v) a memorandum of legal authority supporting the seal. *See* Local

216599202.1

Rule 5.3. No party shall file or otherwise tender to the Clerk any item proposed for sealing unless the Court has entered an order allowing filing under seal.

8.      Compliance with the terms of the Order shall not be deemed an admission that any Discovery Material is not otherwise protected from disclosure or admissible in evidence and shall not constitute a waiver of the right of any person to object to the production of any Discovery Material for any reason.

9.      This Order shall have no effect upon a designating party's use of its own Confidential Material.

10.     The inadvertent failure to designate Discovery Material as Confidential shall be corrected by supplemental written notice to the receiving party as soon as practicable to prevent further use or disclosure of Confidential Material contained therein by such persons.

11.     Nothing in this Order shall be deemed in any way to restrict the use of Discovery Material that is publicly available or has been or could be legally obtained independent of formal discovery in the Litigation, whether or not the same material has also been obtained through formal discovery in the Litigation.

12.     Upon request of the designating party, and following the termination of this action and any related proceedings and appeals, any person in possession of Confidential Material shall, upon request, either: (1) return such material to counsel for the designating party; or (2) certify to counsel for the designating party

216599202.1

that all such material and copies, summaries, and extracts thereof have been destroyed, provided, however, that the signatories to this Order and their counsel may retain copies of attorney work-product and briefs, pleadings, and other papers filed with or sent to the Court that incorporate, append, or refer to such material, with such papers remaining subject to the terms and conditions of this Order.

13.    The terms of this Order shall be effective and the parties and their counsel shall be bound by the terms of this Order on the date the Order is signed by the parties' counsel.

14.    Prior to the time this Order is entered by the Court, Confidential Material shall be subject to the terms of this Order to the same extent as though the Order has been entered by the Court.

**IT IS SO ORDERED**.

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated:  December 11, 2017

216599202.1

**WE HEREBY STIPULATE TO THE ENTRY OF THE ABOVE ORDER:**


BURGESS SHARP & GOLDEN, PLLC          CLARK HILL PLC

s/ Heidi T. Sharp                                            s/ Ellen E. Hoeppner
Heidi T. Sharp (P69641)                            Ellen E. Hoeppner (P73831)
43260 Garfield Road, Suite 280              500 Woodward Avenue, Suite 3500
Clinton Township, MI 48038                   Detroit, MI  48226
(586) 226-2627                                          (313) 965-8300
Attorney for Plaintiff                               Attorneys for Defendant
heidi@bsglawfirm.com                            ehoeppner@clarkhill.com

216599202.1